## John R. Kuhn et al., Plffs. in Err., *v.* Warren Savings Bank, Garnishee.

A claim of debtor's exemption is in time if made by the defendant at the filing of the garnishee's answers in an attachment execution, issued by a justice of the peace.

It seems that under the act of April 15, 1845, a justice of the peace who has jurisdiction over $100 may issue an attachment execution on a sum over $100.

It seems also that a bank which has been, as garnishee, served with an attachment execution covering the entire amount on deposit to the credit of the defendant has no right, as against the plaintiff, to pay a check given

bona fide and for valuable consideration by the defendant before the service of the attachment but not presented by the payee until afterward.

But at all events a garnishee, having paid such a check, may be protected, even as against the plaintiff, by a claim of debtor's exemption duly made by the defendant, for an amount greater than the sum attached.

(Argued May 25, 1887.  Decided October 3, 1887).

January Term, 1887, No. 367, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and CLARK, JJ.  Error to the Common Pleas of Warren County to review a judgment for the garnishee in a case stated.  Affirmed.

This was originally an action by J. R. Kuhn et al., trading as J. R. Kuhn & Company against G. T. Pryor and S. E. Bickel.

The facts as they appeared from the case stated for the opinion of the court below were as follows:

On March 17, 1884, a judgment was obtained by the plaintiffs, before George O. Cornelius, Esq., J. P., of said county, against the defendants for the sum of $192.14 and costs, amounting now to $222.30 and costs.

October 27, 1886, an attachment execution was issued by the justice upon the judgment and on the same day was served upon the Warren Savings Bank as garnishee.  October 28 the attachment was served on the defendant, G. T. Pryor; but no service was made on Bickel.

On the same days interrogatories were issued and served on the garnishee, and on the defendant, Pryor.

Up to the date of the service of the attachment on the garnishee, there was on deposit with the garnishee to the individual credit of Pryor, the sum of $214.02; and there was no money on deposit to the credit of the firm of Bickel & Pryor or Bickel individually.

October 29, while said sum of $214.02 was still in bank a check dated, and given, October 23, 1886, bona fide and for good consideration, payable to the order of W. P. McMurtrie for $200, signed by Pryor, indorsed by McMurtrie to John Benner and by Benner to the Citizens National Bank, of Warren, was presented to the garnishee by the Citizens National Bank for payment and was paid.

The interrogatories were answered by the garnishee on the

4th day of November, and the answer was filed with the justice on said day.

The defendant when the answer was filed, gave notice to the garnishee of his claim to the benefit of the exemption act of April, 1849, which was duly set forth in the answer to the interrogatories. At the time of filing the answer, the justice told the garnishee and the defendant that the exemption could not be claimed for him by the garnishee; where upon the defendant's attorney, and the defendant claimed the benefit of the exemption act for the defendant and gave notice to the justice of said claim.

At the return of the attachment the plaintiffs did not appear, and nothing was done by the justice.

November 6 the plaintiffs appeared before the justice and asked for judgment against the garnishee; whereupon, the garnishee was notified to appear on the 15th day of November, at 3 P. M.; and upon that day the attorney for the plaintiffs and garnishee appeared, and the attorney for the garnishee claimed that the justice had no jurisdiction, for the reason that the amount involved in the attachment exceeded $100.

If the justice had jurisdiction to issue an attachment for said sum, and if, upon the foregoing facts, the court should be of the opinion that the plaintiffs were entitled to judgment, then judgment was to be entered in favor of the plaintiffs against the garnishee, for $214 and costs; otherwise, judgment for said garnishee and against said plaintiffs for costs, with right to a writ of error to either party.

Upon entering judgment for the garnishee, CUMMIN, P. J., filed the following opinion:—1. Had the justice of the peace jurisdiction in the attachment execution proceedings the amount in controversy being above $100?

The statute of April 15, 1845, P. L. 459 (Purdon's Digest, 999) whereby attachment execution process was extended to justices of the peace, contains no words limiting it to sums not exceeding $100, nor to any sum whatever. At the time this statute was approved the justices had no jurisdiction where the sum in controversy was not above $100; afterwards this was increased to $300. The statute extending this process to the justices is equally consistent with the $300 jurisdiction as it was with the $100.

In Jacoby v. Shafer, 105 Pa. 610, the enlarged jurisdiction

of justices of the peace was held to embrace proceedings by attachment relating to fraudulent debtors.    For like reasoning, I am of opinion that it embraces proceedings by attachment execution.

2. As to irregularities in the proceedings before the justice of the peace: This case comes into court on appeal by which all irregularities are cured.    The statute of March 20, 1810 (Purdon's Digest, 964), on this subject is as follows:    "Provided, That upon any such appeal from the decision, determination, or order of two justices of the peace to the court of common pleas, . . . the cause shall be decided in such court on its facts and merits only, and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action shall prejudice either party in the court to which the appeal shall be made."

3. Does the check given by the defendant to McMurtrie, bona fide and for a good consideration, October 23, 1886, operate as an equitable assignment *pro tanto* of the defendant's funds in the hands of the garnishee, in view of the facts that the attachment execution, at the suit of the plaintiffs, Kuhn & Company, was served on the garnishee October 28, 1886, and said check was not presented to the garnishee for payment until October 29, 1886, which was the first notice the (drawee) garnishee had of its existence?

The legal question here involved has been the subject of much controversy in the court.    Many fine spun theories have been woven and hair splitting distinctions made; and, of course, by such processes it was hardly to be expected that uniformity could be reached.    Fortunately, it will not be the duty of this court to attempt to bring harmony out of such discord.

The respective rights and duties of attaching creditors, garnishees, and check holders, under like circumstances, are reasonably well settled in adjudicated cases.

As to the check holders:    In Saylor v. Bushong, 100 Pa. 27, 45 Am. Rep. 353, it is regarded as settled that the holder of a check cannot maintain an action in his own name against the drawees, though they have sufficient funds of the drawer, if they refuse to accept it.    A check may be revoked by the drawer before presentment, etc.

As to the garnishee:    THOMPSON, J., in Bank of Northern Liberties v. Munford, 3 Grant Cas. 232, declares: "It is true

a garnishee is bound to make every legal defense that a claimant of the fund might make."

As to the attaching creditor: An attaching creditor stands in the shoes of the debtor. Patten v. Wilson, 34 Pa. 299.

An attachment execution served, wherever it lies, places the attaching creditor in the same relation to the garnishee as that occupied by the debtor before the attachment was laid.

An attachment is an equitable assignment of the thing attached, a substitution of the creditor for the debtor and to the latter's right against the garnishee.

An attachment places a judgment creditor in the shoes of the debtor, with all his rights and privileges, just as he stood at the date of the service of the attachment. Reed v. Penrose, 2 Grant Cas. 472.

The rights of the respective parties must be ascertained as of the time when the attachment execution was served on the garnishee, viz., October 28, 1886. On that day the garnishee had in its hands $214.02 of the funds of the defendant. On that day the attachment execution for $222.30 was served on the garnishee at the suit of the plaintiffs. This, by operation of law, worked an equitable assignment, as of that date, to the plaintiffs of all the defendants' funds in the hands of the garnishee, as the amount was less than the claim of the plaintiffs.

As the plaintiffs, the judgment creditors, on that day stood in the shoes of the debtor, defendant, with all his rights and privileges, of all of which the garnishee then had notice and was bound to know, the service of the writ on the garnishee was, an appropriation, by operation of law, of the whole fund of the defendant in the hands of the garnishee to the claim of the attaching creditor. On that day the garnishee had no notice of the check previously given, and had in no way obligated itself to pay such check. The plain duty of the garnishee then was to hold the fund until the rights of the judgment creditors thereto could be adjudicated. But we are not without authority on the main question; after a collation of all the authorities this conclusion is arrived at in 2 White & T. Lead. Cas. in Eq. pt. 2, 4th Am. ed. p. 1653: "Agreeably to the weight of authority a check is, essentially, a bill of exchange, and will not, therefore, operate as an equitable transfer or appropriation."

In Jordan's Appeal, 10 W. N. C. 37, Mr. Justice STERRETT, delivering the opinion of the court, said: "It is well settled

that such a check or draft without more is neither a legal nor equitable assignment or appropriation of a corresponding amount of the drawer's funds in the hands of the drawee. It gives the payee no right of action against the drawee nor any valid claim to the funds of the drawer in his hands. If, before acceptance or payment of the draft, the drawer executes a voluntary assignment for the benefit of creditors, as was done in this case, the funds in the hands of the drawee pass by the assignment as assets of the insolvent's estate to his assignees in trust for creditors." See also cases cited in this opinion.

It seems clear, therefore, that in the case at bar the holder of the check has no sort of lien or claim of any kind on the funds. in the hands of the garnishee, and therefore has no rights which need be considered in the further investigation of this case.

4. Is the defendant's claim for the benefit of the exemption. law valid?

This question must be determined as of the time, and under the circumstances existing where the claim was made.

October 27, 1886, attachment execution issued. Same day served on garnishee.

October 28, 1886, attachment execution served on defendant.. Same day interrogatories filed and served.

November 4, 1886, answers filed. Same day defendant claimed the benefit of the exemption laws and gave notice of his claim to the justice of the peace.

In an attachment execution, the defendant's claim of exemption relates, only, to what is attached in the hands of the garnishee. Landis v. Lyon, 71 Pa. 473.

An attachment execution was issued from a justice and a rule taken at the same time, on garnishee to answer interrogatories then filed. On the return day of the attachment the defendant claimed the $300 exemption, and the claim was in time. Yost, v. Heffner, 69 Pa. 68. See also to same effect, Landis v. Lyon,. 71 Pa. 473; Bittenger's Appeal, 76 Pa. 105; Howard Bldg. &. L. Asso. v. Philadelphia & R. R. Co. 102 Pa. 220.

The amount attached in the hands of the garnishee was less: than $300; so if the defendants' claim was a valid one, judgment should have been entered for the garnishee. The defendant had a right to make the claim, and he made it in a proper way and in proper time.

But it is claimed that the rule laid down in Bowyer's Appeal,.

21 Pa. 210; Garrett's Appeal, 32 Pa. 160, 72 Am. Dec. 779; Shelly's Appeal, 36 Pa. 373, viz.: "That a debtor cannot waive his right to the $300 in favor of a junior lien creditor"— applies to this case, because the check holder has or may get this money in the hands of the garnishee if the defendant's claim for exemption is sustained. It seems to me there are many reasons why the rule just stated does not apply to this case. The check holder is not a party to this record; and in no event can the whole or any part of the fund in controversy be awarded to him in this case. The check holder is not a lien creditor; he has no lien or claim of any kind on the fund, nor has he any claim or right of action against the custodian of the fund, the garnishee. Nor is it of any importance, in determining the rights of the parties what the garnishee has done with the fund, as the unauthorized acts of the garnishee cannot prejudice or prevent the defendant's lawful claim for the benefit of the exemption.

When the justice entered judgment for the garnishee he thereby awarded to the defendant the benefit of his claim for exemption, and in this it seems to me he was clearly right.

The assignments of error specified the action of the court in entering the judgment.

*Samuel T. Neill,* for plaintiffs in error.—The attachment in this case issued upon a judgment for over $100 and the sum attached was in excess of $100. This was within the enlarged jurisdiction of the justice under the general act of July 7, 1879 (P. L. 194), extending the jurisdiction, under the act of 1810 and its supplements, to the sum of $300. The Erie County act of February 18, 1869 (P. L. 208), was extended to the county of Warren by act of February 29, 1872 (P. L. 190). This Erie County act extends jurisdiction under the act of 1810 "as fully to all intents and purposes" as given by act of 1810. All these acts in regard to the jurisdiction of justices are *in pari materia,* and part of one whole system. Jacoby v. Shafer, 105 Pa. 610.

As between the plaintiff and defendant an attachment is execution process. Sheaffer v. Wilson, 1 Chester Co. Rep. 161; Strouse v. Becker, 38 Pa. 190, 80 Am. Dec. 474.

It is the writ only that is to be served on the defendant. He has nothing to do with scire facias or interrogatories. 2 McKinney, Justice, 655, 669, 671.

The only provision in regard to answer is that garnishee shall answer within eight days after the same shall be served. All questions of irregularity are waived by the appearance and entering into agreement for stated case. The stated case also provides for a general judgment for plaintiffs, if entitled to it, and for the amount of it.

The proceedings of the justice in this case were regular. The attachment execution act does not require both the plaintiff and the garnishee to be present before the justice, when the interrogatories are to be answered, nor at the return day of the attachment; for there is no purpose to be served. Neither the garnishee nor the defendant are required to be present at that time. If the garnishee has been served, then interrogatories are issued and served on him to answer within eight days from service. The garnishee is not required to be present when he makes his answers, but can swear to his answers before another justice or other competent authority and send them to the justice.

The plaintiffs, by their attachment, acquired a lien against the funds of defendant in hands of garnishee, which, from time of service of attachment, were impounded and held in legal custody until determination of the attachment. Act of 1845, § 1 (Purdon's Digest, 999, pl. 125) referring to act of 1836 (Purdon's Digest, 746, pl. 39); Baldwin's Appeal, 86 Pa. 483.

There is no other lien or claim on said fund alleged to have been acquired upon that day. The service of an attachment execution has the effect of an equitable assignment of the thing attached; it puts the garnishee in the relation to the attaching creditor which he had sustained to his former creditor. Roig v. Tim, 103 Pa. 117.

It will prevail over an assignment for benefit of creditors made on same day. Boyer's Estate, 51 Pa. 432, 91 Am. Dec. 129.

The holder of the check of October 23 had no lien or claim upon the defendants' deposit in the bank until presentation and acceptance. It was a general check and not upon any particular fund. It was not presented until two days after the service of the attachment, and after the plaintiffs' right to the fund accrued, and seven days after its date.

An ordinary bill of exchange or check drawn generally and not upon any particular fund, whether accepted or not by the

drawee, does not operate as an equitable assignment. 3 Pom. Eq. Jur. § 1284.

A check for part of the drawer's funds constitutes no assignment of that part of such fund until presented for payment and accepted by the bank, although verbally assented to by the cashier when absent from the bank. Bullard v. Randall, 1 Gray, 605, 61 Am. Dec. 433; Ætna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 82, 7 Am. Rep. 314; National Bank v. Millard, 10 Wall. 152, 19 L. ed. 897; Carr v. National Security Bank, 107 Mass. 45, 9 Am. Rep. 6; First Nat. Bank's Appeal, 10 W. N. C. 37.

The holder of a check has no claim against the bank on which it is drawn and cannot maintain a suit against the drawee. Saylor v. Bushong, 100 Pa. 27, 45 Am. Rep. 353.

After an attachment execution has been served on a bank a check dated several days before but presented for payment on the same day is cut out by the attachment. Harry v. Wood, 2 Miles (Pa.) 327; Loyd v. McCaffrey, 46 Pa. 410.

The garnishee in this case cannot set up the claim of exemption for the debtor. Reed v. Penrose, 2 Grant Cas. 485; Fox v. Reed, 3 Grant Cas. 81; Jones v. Tracy, 75 Pa. 419; Yost v. Heffner, 69 Pa. 68.

It can only plead that which would be available against the defendant. Sergeant Attachm. 94; Jackson v. Bank of United States, 10 Pa. 67; Silverwood v. Bellas, 8 Watts, 420.

The question as to exemption is entirely irrelevant to this issue. The defendant has waived the exemption as to the second or junior creditor, the check holder, to whom he has transferred his right, and the result is that the fund, being released from operation of exemption law, goes to the creditors in the course of distribution required by law. Bowyer's Appeal, 21 Pa. 210; Shelly's Appeal, 36 Pa. 373; Garrett's Appeal, 32 Pa. 160, 72 Am. Dec. 779.

The bank had no right then to pay the check in the face of our lien for it was paying out money that legally belonged to the plaintiffs. Hartman v. Hartman, 4 Brewst. (Pa.) 393.

The exemption was claimed too late. A claim at the hearing on the return day of the attachment is too late. Morris v. Shafer, 93 Pa. 489; Rushworth v. Swope, 3 Legal Gaz. 223.

It is too late at the time of a plea to scire facias. Strouse v. Becker, 44 Pa. 206.

The claim should be made when process is served or within a reasonable time thereafter.   Bair v. Steinman, 52 Pa. 423.

There was no fund at the time of the claim on which the exemption could operate under act of April 9, 1849, § 1.   Purdon's Digest, 742.

The exemption applies only to property "owned by or in possession of any debtor."   The allowance of the claim in this case does not and cannot benefit the debtor or his family, and for such and such only was it intended.   Bowyer's Appeal, 21 Pa. 210.

Having, by his check, transferred his right to the money, the defendant had no title to the fund and could not claim the exemption.   The defendant, in an execution, has no right to claim the exemption out of property to which he disclaims title.   Gilleland v. Rhoads, 34 Pa. 187; Larkin v. McAnnally, 5 Phila. 17; Carl v. Smith, 8 Phila. 569.

'The exemption applies only to property or money actually owed by the defendant.   Huey's Appeal, 29 Pa. 219; Dieffender v. Fisher, 3 Grant Cas. 30; Emerson v. Smith, 51 Pa. 90, 88 Am. Dec. 566.

*Freeman & Trunkey,* for defendant in error.—Inasmuch as the original judgment was for more than $100 the justice had no jurisdiction to issue the attachment execution in this case.

By the act of April 15, 1845 (1 Purdon's Digest, 999, pl. 125 *et seq.*), the jurisdiction of justices of the peace was extended to the issuing, service, trial, judgment, and execution of all process required by the several sections of the act of June 16, 1836, relating to attachment executions; and this "extended" jurisdiction was intended to, and could, only take effect and operate upon judgments theretofore recovered, or which might thereafter be recovered under the law as it then existed, which limited the jurisdiction of justices to causes of action arising from contract, when the sum demanded was not above $100. Act of March 20, 1810 (1 Purdon's Digest, 977, pl. 32).

The act of February 18, 1869 (P. L. 208), provides "that the justices of the peace of the county of Erie shall have jurisdiction of all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above $300, as fully, to all intents and purposes, as they now have jurisdiction in cases" (arising from contract) "when the sum demanded does not exceed the sum of $100; and in case any suit or action

shall be commenced in the court of common pleas of Erie county upon any such contract, and the plaintiff shall obtain a judgment for a less sum than $300, he or they shall not be allowed to recover any costs," etc.; which act was extended to Warren county by the act of February 29, 1872 (P. L. 190).

This act simply enlarged the jurisdiction of justices of the peace, in respect to actions arising from contract and not otherwise; and not their jurisdiction under the act of 1845. Statutory remedies are to be followed with strictness, both as to the method to be pursued, and the cases to which they are applied. Lease v. Vance, 28 Iowa, 509; Bailey v. Bryan, 48 N. C. (3 Jones L.) 357, 67 Am. Dec. 246; Banks v. Darden, 18 Ga. 318; East Union Twp. v. Ryan, 86 Pa. 459.

Jacoby v. Shafer, 105 Pa. 610; Ormsby v. Grinolds, 42 Phila. Leg. Int. 415; Ross v. Miller, 14 W. N. C. 253, 1 Lanc. L. Rev. 137; Pagett v. Truby, 1 Pa. Co. Ct. 596; and Kraus v. Bickhart, 1 Chester Co. Rep. 479, have no bearing whatever upon the question under consideration; for in no sense of the word is an attachment execution an action arising from contract, but upon a judgment.

An attachment execution is nearest of kin to a foreign attachment, and the rules governing the latter writ must also govern the former. It is a more comprehensive writ than the writ of scire facias, which, at common law, was regarded as a new and independent action, referring to the former proceedings but wholly distinct from them. Greenway v. Dare, 6 N. J. L. 305; Green v. Leymer, 3 Watts. 381, 384; Stewart v. Peterson, 63 Pa. 230, 232; Co. Litt. Hargrave & Butler's notes, 290 b, 291 a, § 505; Pulteney v. Townson, 2 W. Bl. 1227; Grey v. Jones, 2 Wils. 251; Fenner v. Evans, 1 T. R. 268; Winter v. Kretchman, 2 T. R. 45, 46; Lowe v. Robins, 1 Brod. & B. 381; Baldwin's Appeal, 86 Pa. 483, 486.

An execution attachment is in affect a suit by the defendant against the garnishee, in the name of the plaintiff. Reed v. Penrose, 2 Grant Cas. 472, 488, 499; Drake, Attachm. 523.

The writ of scire facias, referred to in § 51 of the attachment act ( attachment execution) must necessarily be regarded, as it often is under the common-law practice, in the nature of a summons, and as the commencement of an action. Smyth v. Ripley, 33 Conn. 306, 311; White v. Washington School Dist.

45 Conn. 59; Skidmore v. Bradford, 4 Pa. 296, 300; Delaware, L. & W. R. Co. v. Ditton, 36 N. J. L. 361.

The writ is required to be served upon both defendant and garnishee "in the manner provided for the service of a writ of summons in a personal action" (1 Purdon's Digest, 746, pl. 38) and commands them to appear on a certain day in court and show cause, etc. 1 Purdon's Digest, 745, pl. 37.

To this summons the defendant may appear and become a party, and plead payment or any other plea which he might have taken advantage of, upon a scire facias post annum et diem. Ogilsby v. Lee, 7 Watts & S. 444; Carter v. Wallace, 1 W. N. C. 63, 74; 1 Troubat & H. Pr. 696, § 1199.

The garnishee may plead anything against the plaintiff in the scire facias that he could plead against his own original creditor. Farmers' & M. Bank v. Little, 8 Watts & S. 207, 219, 13 Am. Dec. 293; 1 Troubat & H. Pr. 699, § 1202.

Both defendant and garnishee may have a jury trial, with its incidents —verdict and judgment—requiring original execution process for its enforcement. 1 Purdon's Digest, 746, pl. 41, cl. 2 and 827, pl. 25, 26; Baldwin's Appeal, 86 Pa. 483, 486.

In Ellsworth v. Barstow, 7 Watts, 314, in construing the act of 1810, it was held that a justice of the peace had not jurisdiction of an action arising on a judgment of a justice of the peace of another state. And it required, to give them jurisdiction over actions brought on the judgments of justices of other states, the act of February 27, 1845. 1 Purdon's Digest, 980, pl. 40; Kline v. McKee, 46 Pa. 519.

The causes of action arising from contract, either express or implied, which appertain to the jurisdiction of a justice of the peace, are those which arise from an agreement or understanding immediately between the parties. Schaffer v. M'Namee, 13 Serg. & R. 44; Zell v. Arnold, 2 Penr. & W. 292, 295; Kline v. McKee, 46 Pa. 519; Koons v. Headley, 49 Pa. 168, 172; Com. use of Potter v. Reynolds, 17 Serg. & R. 367.

If an attachment execution is an action, it is an action upon a judgment, and it cannot be contended that the act of February 18, 1869, enlarging the jurisdiction of justices of the peace in Erie county in respect to actions "arising from contract," affects or enlarges the jurisdiction conferred by the act of April 15, 1845.

The plaintiff, having failed to appear before the justice on the return day of the writ, should have been nonsuited. 1 Purdon's Digest, 984, pl. 55; Lawyer v. Walls, 17 Pa. 75; Vought v. Sober, 73 Pa. 49; Selfridge v. Tilghman, 1 Phila. 580.

The justice not having disposed of the cause on the return day of the writ, either by entering judgment or continuing the case to a time certain, lost his grasp of the same, and the proceedings thereafter before him were *coram non judice,* and void.

The writ of attachment is required to be served upon the defendant, or a judgment against the garnishee is void. Freeland v. Elsworth, 3 Luzerne Legal Reg. 45; Corbyn v. Bollman, 4 Watts & S. 342.

It is just as imperative that he should have notice of any adjourned or other hearing, and particularly of the time when the merits of the case are to be heard and disposed of by the justice. Brown v. Hambright, 2 Legal Chronicle, 38; Franke v. Dodge, 14 Lanc. Bar, 177; O'Malley v. Kerr, 4 Kulp, 86; Martin v. Wiggins, 1 Lanc. L. Rev. 141.

A judgment by default on a day subsequent to the return day of the summons, the record of the justice showing no adjournment, is void. McGreever v. Smith, 11 Luzerne Legal Reg. 76; Martin v. Wiggins, 1 Lanc. L. Rev. 141; Henderson v. Alexander, 1 Lanc. L. Rev. 11.

A justice of the peace, after hearing, may continue a case for consideration to some day and hour certain, but the record must show the adjournment or continuance. Van Horn v. Independent Order of C. T. No. 76, 10 Luzerne Legal Reg. 158, 13 Lanc. Bar. 60; and see also, Woodworth v. Wolverton, 24 N. J. L. 419; Dittmar Powder Mfg. Co., State Prosecutors, v. Leon, 42 N. J. L. 540; Blanchard v. Walker, 4 Cush. 455; Murdy v. McCutcheon, 95 Pa. 435, 436.

It is the right and duty of the garnishee to insist upon and take advantage of the irregularities presented by the record in this case. Skidmore v. Bradford, 4 Pa. 296, 301; Swanger v. Snyder, 50 Pa. 218, 223; Kelso v. Kelly, 14 Pa. 204; Bank of Northern Liberties v. Munford, 3 Grant Cas. 232; Baldy v. Brady, 15 Pa. 103, 108.

The defendant Pryor's claim to the $300 exemption was properly made and in time. Yost v. Heffner, 69 Pa. 68; Landis v. Lyon, 71 Pa. 473; Bittenger's Appeal, 76 Pa. 105; Morris

v. Shafer, 93 Pa. 489; Howard Bldg. & L. Asso. v. Philadelphia & R. R. Co. 102 Pa. 220.

The only question we have to consider is whether the check drawn by Pryor, to the order of McMurtrie, for $200 on October 23, 1886, five days before the attachment was served on the garnishee, but which was not paid until one day after such service, operated to defeat his claim to the exemption, to the amount of said check.

It is the duty of the garnishee to insist upon the defendant's rights in the premises. In Jones v. Tracy, 75 Pa. 417, after the defendant claimed his exemption, the garnishee suffered judgment by default for want of an appearance; and it was held that the defendant could not be affected by the garnishee's failure to appear, and that the judgment against the latter ought to have been so framed as to protect the defendant's exemption.

The check given by the defendant, Pryor, to McMurtrie on October 23, 1886, operated as an equitable assignment *pro tanto* of the fund upon which it was drawn, in the hands of the garnishee, both as against said Pryor and the attachment process.

As between the drawer and payee (or holder) the delivery of the check constitutes an assignment of the amount. 2 Dan. Neg. Inst. 3d ed. §§ 1638, 1643; Byles Bills, 6th Am. ed. 36, *20; Morrison v. Bailey, 5 Ohio St. 13. 17, 64 Am. Dec. 632; Re Brown, 2 Story, 516, Fed. Cas. No. 1,985; Keene v. Beard, 8 C. B. N. S. 372; Union Nat. Bank v. Oceana County Bank, 80 Ill. 212, 22 Am. Rep. 185; National Bank v. Indiana Bkg. Co. 114 Ill. 483, 2 N. E. 401; Roberts v. Corbin, 26 Iowa, 327, 96 Am. Dec. 146; Deener v. Brown, 1 MacArth. 350; Harker v. Anderson, 21 Wend. 372, 381; Morse, Banks & Banking, 468.

An attaching creditor stands simply in the shoes of his debtor; and any equities that could be set up against the latter are equally available against the former. Patten v. Wilson, 34 Pa. 299, 300; Noble v. Thompson Oil Co. 79 Pa. 354, 21 Am. Rep. 66; Stevens v. Stevens, 1 Ashm. (Pa.) 190; United States v. Vaughan, 3 Binn. 394, 5 Am. Dec. 375; Com. v. Watmough, 6 Whart. 117; Nesmith v. Drum, 8 Watts & S. 9, 42 Am. Dec. 260; Riddle v. Etting, 32 Pa. 412; Myers v. Baltzell, 37 Pa. 491; Farmers & M. Nat. Bank v. King, 57 Pa. 202, 98 Am. Dec. 215; Reed v. Penrose, 2 Grant Cas. 472, 488, 499; 2 Dan. Neg. Inst. 3d ed. § 1644.

A check given bona fide for a valuable consideration operates as an equitable assignment *pro tanto,* of the funds upon which it is drawn, both as against the drawer thereof and an attachment creditor, although not presented for payment until after service of process on the garnishee.   2 Dan. Neg. Inst. 3d ed. § 1644; National Bank v. Indiana Bkg. Co. 114 Ill. 483, 2 N. E. 401; Schuler v. Laclede Bank, 27 Fed. 424; German Savings Inst. v. Adae, 1 McCrary, 501, 8 Fed. 106; First Nat. Bank v. Coates, 3 McCrary, 9, 8 Fed. 540; Roberts v. Corbin, 26 Iowa, 327, 96 Am. Dec. 146; Voorhes v. Hesket, 1 Ohio C. C. 1. See *Ex parte* Alderson, 1 Madd. 53; Corser v. Craig, 1 Wash. C. C. 424, Fed. Cas. No. 3,255; Sharpless v. Welsh, 4 Dall. 279, 1 L. ed. 833, and Hyatt v. Prentzell, 20 Phila. Leg. Int. 133.

The authorities cited and relied upon by the plaintiffs, as holding a contrary doctrine, are clearly distinguishable from the case at bar.

The distinction between a bill of exchange or draft, and a check in this respect, has been repeatedly recognized and pointed out by the courts.   Morrison v. Bailey, 5 Ohio St. 13, 64 Am. Dec. 632; Stewart v. Smith, 17 Ohio St. 82; Champion v. Gordon, 70 Pa. 474, 10 Am. Rep. 681; Lawson v. Richards, 6 Phila. 179; Merchants Nat. Bank v. State Nat. Bank, 10 Wall. 604-607, 19 L. ed. 1008.

A failure on the part of the courts to always observe the distinction between the two classes of instruments has no doubt occasioned the seeming conflict of the authorities upon the question under consideration.

Opinion by Mr. Justice Sterrett:

An examination of the record satisfies us that the judgment entered on the case stated is correct; and for reasons given in the opinion of the learned judge of the common pleas, it should be affirmed.

Judgment affirmed.